IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DERRICK ALLEN,               )
                             )
          Plaintiff,         )
                             )
                             )        1:19cv1191
          v.                 )
                             )
MANPOWER, INC., et al.,      )
                             )
          Defendants.        )
```

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court on Plaintiff's Application to Proceed In Forma Pauperis (the "Application")(Docket Entry 1) filed in conjunction with his pro se Complaint (Docket Entry 2). For the reasons that follow, the Court will grant Plaintiff's instant Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**LEGAL STANDARD**

"The federal *in forma pauperis* ['IFP'] statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with

filing fees, however, [is] not without its problems. Parties proceeding under the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing [IFP] d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the IFP statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint falls short when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

## BACKGROUND

Asserting claims under "42 U.S.C. § 1983," and in violation of "Title VII of [the] [C]ivil[ R]ights [Act of] 1964[, the Age Discrimination in Employment Act of] 1967" (the "ADEA"), and the Americans with Disabilities Act of 1990 (the "ADA"), Plaintiff initiated this action against four Defendants: (1) "Manpower[,] Inc.;" (2) "Janas Prising" ("CEO Prising"); (3) "Ruth Harper" ("Director Harper"); and (4) "John Deere." (Docket Entry 2 at 1-3.) The Complaint's statement of claim states the following:

> A[ t]emp agency, Manpower/ John Deere, obtains consumer reports regarding [c]andidates. [Plaintiff has] a[] [c]riminal [r]ecord [including one m]isdemeanor[] . . . convict[ion date of] 04/13/2013, which is approximately 6 years ago. [Plaintiff also has] two misdemeanors which are pending trial in district

---

[1] Although "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

-3-

> court[, t]he court date is scheduled for 12/10/2019 [no convictions a]nd one felony which is pending review by the United States Court of Appeals[. ] Essentially, [t]his case was remanded by [t]he United States Supreme Court to the U.S. Court of Appeals--Title 18 USC 922(g)(8)[.] The Government intends to dismiss this case. Fu[r]thermore, [t]he State of North Carolina and/or City Of Durham has adopted what[ i]s known as 'Ban the box' which is intended to cease employers from discriminating against ex[-]cons [and] convicted felons[.] Also, [s]ee Title VII of the [C]ivil [R]ights [Act] . . . [and the ADEA].
> Moreover, [i]t appears [Plaintiff has] been discriminated against because [he is] 41 years [o]f age, [n]ot a female with enormous buttocks and too because [he is] an African American with a[] learning disability.

(Id. at 4 (parenthesis in original omitted).) The Complaint further requests "compensat[ion] for [] mental anguish and punitive damages in accordance with federal law." (Id. at 6.)

In addition, Plaintiff submitted two charges of discrimination on the appropriate Equal Employment Opportunity Commission ("EEOC") forms (see id. at 8-11), and provided the Court with two right-to-sue letters (see Docket Entry 9 at 2-5). Plaintiff's EEOC forms reflect the following allegations:

> On November 21, 2019, [Plaintiff] applied for a position with John Deere, through [Manpower, Inc.], for whom [Plaintiff] had worked in the past.
> [Plaintiff] was selected[] and was provided all the onboarding documents, including information for a background check. On November 22, 2019, [Plaintiff was] sent for orientation and workbench training. However, on November 26, 2019, [Plaintiff] was informed by . . . [a] recruiter[] that [Plaintiff] would not be hired due [to] the results of the background check[] from which pending and/or dismissed charges that have yet to be disposed of were used to rescind the offer. [Plaintiff] believe[s] background checks with Manpower are John Deere's requirement and it has resulted in [his] being screened

-4-

>     out. [Plaintiff is] also aware that only younger
>     individuals were hired by Manpower[, Inc.].
>     [Plaintiff] believe[s that he has] been discriminated
>     against because of [his] race, black, and [his] age, 41,
>     in violation of Title VII . . . and in violation of the
>     [ADEA. He] also believe[s Defendants'] policy concerning
>     background checks has an adverse impact on the hiring of
>     African Americans.

(Docket Entry 2 at 8-11.)

Finally, Plaintiff attached (i) an email from a Manpower, Inc. employee to Plaintiff, providing the results of his background report (id. at 12-15), (ii) a motion to suspend briefing in the case of United States v. Derrick Michael Allen, Sr., No. 17-4762 (4th Cir. Nov. 29, 2019) (id. at 16-19), and (iii) Plaintiff's background report (id. at 20-23).

## DISCUSSION

### I. No State Action

As an initial matter, to state a claim for relief under Section 1983, Plaintiff must assert "that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).[2] "A person acts under color of state law only when

---

[2] Specifically, Section 1983 provides, in pertinent part, that

> [e]very person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State or
> Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States
>                                            (continued...)

-5-

exercising 'power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Bailey v. Prince George's Cnty., 34 F. Supp. 2d 1025, 1026 (D. Md. 1999) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)). Put another way, "[t]he person charged [under Section 1983] must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999); see also Bailey, 34 F. Supp. 2d at 1026 ("The alleged infringement of federal rights must be fairly attributable to the state." (citing Rendell-Baker v. Kohn, 457 U.S. 830 (1982))). "In general, private companies and corporations do not act under color of state law." Ellis v. Santander Consumer USA, Civ. Action No. 13–2099, 2013 WL 3753624, at *5 (W.D. Tenn. July 15, 2013) (unpublished).

Here, the Complaint asserts claims against two private companies, Manpower, Inc., and John Deere, and two individuals, CEO Prising and Director Harper, who serve as officers of Manpower, Inc. (Docket Entry 2 at 2-3.) Importantly, the Complaint contains

---

² (...continued)
  or other person within the jurisdiction thereof to the
  deprivation of any rights, privileges, or immunities
  secured by the Constitution and laws, shall be liable to
  the party injured in an action at law, suit in equity, or
  other proper proceeding for redress[.]

42 U.S.C. § 1983.

-6-

no factual matter suggesting that any Defendant (1) works as a state official, (2) acted in concert with a state official, or (3) violated Plaintiff's rights under compulsion of a state official. (See id. at 1–23.)

In other words, the Complaint lacks factual matter establishing state action. See DeBauche, 191 F.3d at 507 (explaining that "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action"). The Complaint's Section 1983 claim therefore fails as a matter of law. See American Mfrs. Mut. Ins. Co., 526 U.S. at 50 (holding that Section 1983's under-color-of-state-law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful" (internal quotation marks omitted)).

Accordingly, the Court should dismiss all Section 1983 claims against all Defendants for failure to state a claim.

## II. Title VII, ADA, and ADEA Claims

Additionally, "[b]efore a plaintiff can bring an action under Title VII, the ADA, or the ADEA, the plaintiff must first exhaust his administrative remedies with the EEOC." Sarteh v. Youth Focus, Inc., No. 1:08CV113, 2008 WL 11355352, at *4 (M.D.N.C. Dec. 17, 2008) (unpublished), recommendation adopted, 2009 WL 10680180 (M.D.N.C. Feb. 23, 2009) (Beaty, Jr., J.) (unpublished). "A plaintiff's EEOC charge defines the scope of h[is] subsequent right

-7-

to institute a civil suit." Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996). As referenced previously, Plaintiff attached two EEOC Charge forms to his Complaint (see Docket Entry 2 at 8-11), and later submitted two right-to-sue letters (see Docket Entry 9 at 2-5). Notably, Plaintiff failed to exhaust any claims regarding disability and gender discrimination. (See Docket Entry 2 at 8-11.) Regardless, those and all other discrimination claims in the Complaint fail as a matter of law for several reasons.

First, Title VII, the ADA, and the ADEA provide a cause of action against only employers, not supervisors or fellow employees. See Baird ex rel Baird v. Rose, 192 F.3d 462, 471-72 (4th Cir. 1999) (discussing Title VII and ADA); see also McNeal v. Montgomery Cnty., 307 F. App'x 766, 775 n.6 (4th Cir. 2009) (discussing ADEA). For that reason, Plaintiff cannot proceed against CEO Prising and/or Director Harper under these statutes. Next, neither the Complaint nor Plaintiff's EEOC Charge forms contain sufficient factual allegations to support a claim that his prospective employer discriminated against him because of his race, sex, disability, or age. (See Docket Entry 2 at 4; see also id. at 8-11.)

In this regard, Title VII requires an employee claiming discrimination to show that an adverse employment action occurred "because of" the employee's race or sex. 42 U.S.C. § 2000e-

2(a)(1); see also Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277, 286 (4th Cir. 2004) (explaining that, under Title VII, "an individual alleging disparate treatment based upon a protected trait must produce sufficient evidence upon which one could find that 'the protected trait . . . actually motivated the employer's decision'" (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 141 (2000))), abrogated in part by Gross v. FBL Fin. Servs., Inc., 557 U.S. 167 (2009). The ADEA and the ADA have similar requirements. See Phillips v. Loudoun Cnty. Pub. Schs., No. 1:19cv501, 2019 WL 5445292, at *7 (E.D. Va. Oct. 23, 2019) (unpublished) (dismissing ADA claim, in part, because "the plaintiff c[ould] not establish that the [ d]efendants failed to hire him *because of* his disability") (italics in original)); Bullock v. Spherion, No. 3:10cv465, 2011 WL 1869933, at *5 (W.D.N.C. May 16, 2011) (unpublished) (holding that, in order to establish ADEA claim based upon failure to hire, a plaintiff must "prove that age was the 'but-for' cause of the alleged adverse action taken against him").

Here, the Complaint simply lacks any factual matter on that front, relying instead on conclusory assertions that Plaintiff was "discriminated against because [he is] 41 years [o]f age, [n]ot a female with enormous buttocks and [] because [he is] an African American with a[] learning disability." (Docket Entry 2 at 4.) Plaintiff's included EEOC forms make similar bald allegations, with

-9-

the addition of conclusory assertions "that only younger individuals were hired by Manpower[, Inc.]" and that "[Defendants'] policy concerning background checks has an adverse impact on the hiring of African Americans." (Id. at 8-11.) Moreover, as mentioned previously, Plaintiff's EEOC forms make no mention of sex or disability discrimination. (See id.)

Finally, the EEOC forms reflect non-discriminatory reasons for Defendants' ultimate decision not to hire Plaintiff. According to the EEOC forms, "[Plaintiff] was selected[] and was provided all the onboarding [sic] documents, including information for a background check." (Id. at 8, 10.) The employer also "sent [Plaintiff] for orientation and workbench training." (Id.) Shortly thereafter, an employee from Manpower, Inc., informed Plaintiff "that [he] would not be hired due [to] the results of the background check. . . ." (Id.) Therefore, in light of these assertions, and "[b]ecause Plaintiff's Complaint and attachments thereto do not demonstrate any facially plausible nexus between his protected characteristic[s] and [Manpower, Inc.'s and/or John Deere's] failure to hire him, his [claims should] be dismissed." Hansen v. Siemens Energy, No. 3:12cv370, 2012 WL 5388920, at * 3 (W.D.N.C. Nov. 1, 2012) (unpublished), appeal dismissed, 519 F. App'x 211 (4th Cir. 2013).

-10-

Case 1:19-cv-01191-TDS-LPA   Document 12   Filed 09/22/21   Page 10 of 11

## CONCLUSION

In sum, Defendants do not qualify as "state actors" subject to suit under Section 1983, and Plaintiff's allegations do not state a viable claim under Title VII, the ADEA, or the ADA.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 22, 2021